UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
PATRICK GOMA ARSENE,               )
                                   )
                    Petitioner,    )
                                   )
v.                                 )   Civil Action
                                   )   No. 25-cv-13757-PBS
ANTONE MONIZ, Superintendent,      )
Plymouth County Correctional       )
Facility, et al.,                  )
                                   )
                    Respondents.   )
_____)

**ORDER**

January 9, 2026

Saris, J.

    Petitioner Patrick Goma Arsene, a citizen of the Republic of the Congo, brings this habeas petition under 28 U.S.C. § 2241 to challenge his post-removal-period detention.[1] Petitioner previously was removed to the Republic of the Congo in 2005 pursuant to a final removal order. In May 2022, the U.S. Border Patrol encountered Petitioner in Arizona, reinstated his prior removal order, and released him under an Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3). On February 14, 2025, U.S.

---

[1] Under 8 U.S.C. § 1231, the government typically must remove a noncitizen within ninety days of a final removal order. See 8 U.S.C. § 1231(a)(1)(A). In certain circumstances, however, the government may continue to detain the noncitizen beyond these ninety days while seeking to effectuate removal. See id. § 1231(a)(6). That continued detention is known as "post-removal period detention." Zadvydas v. Davis, 533 U.S. 678, 683 (2001).

1

Immigration and Customs Enforcement ("ICE") revoked Petitioner's Order of Supervision due to alleged criminal offenses and thereafter detained him in the Plymouth County Correctional Facility in Plymouth, Massachusetts. Petitioner was subsequently referred to withholding-only proceedings, and, on September 19, 2025, an immigration judge granted Petitioner withholding of removal to the Republic of the Congo under 8 U.S.C. § 1231(b)(3).

The Supreme Court has held that 8 U.S.C. § 1231(a)(6), construed "in light of the Constitution's demands," limits the length of post-removal-period detention to "a period reasonably necessary to secure removal." Zadvydas v. Davis, 533 U.S. 678, 689, 699 (2001). Here, Respondents verified in December 2025 that, in addition to being a Congolese citizen, Petitioner is a naturalized citizen of Mexico. On December 29, 2025, U.S. Citizenship and Immigration Services determined that Petitioner had not established a credible fear of torture or persecution in Mexico. Respondents have notified the Court that because "there are no other impediments" to Petitioner's removal to Mexico, ICE will schedule Petitioner for removal to Mexico "as soon as possible" after the Court lifts its stay of removal. Dkt. 12 at 2; see Dkt. 5 at 3-4 (staying transfer of Petitioner from Massachusetts and removal of Petitioner from the United States). Respondents further state that "Petitioner's removal to Mexico can

2

be completed within two to three days of scheduling." Dkt. 12 at 2.

Accordingly, because Petitioner's "removal is not only reasonably foreseeable, but imminent," his Zadvydas claim fails. Landin-Hernandez v. Moniz, No. 25-cv-12889 (D. Mass. Oct. 23, 2025), Dkt. 12 at 2. And Petitioner does not argue that "exceptional circumstances warrant[] [a] departure" from the Zadvydas framework under his constitutional claim. Castaneda v. Perry, 95 F.4th 750, 761 (4th Cir. 2024). Petitioner's habeas petition (Dkt. 1) is therefore **DENIED**, and the Court's order staying his transfer and removal (Dkt. 5) is **LIFTED**. Respondents shall file a notice by January 16, 2026, confirming that Petitioner's removal has occurred or been scheduled (or, if the removal has not occurred or been scheduled, explaining why).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge